IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PAMELA D. GREEN AND MARCUS GREEN                                    PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:19-cv-076-NBB-DAS

SPECIALIZED LOAN SERVICING, LLC                                      DEFENDANT

## ORDER DENYING MOTION TO DISMISS

This cause comes before the court upon the defendant Specialized Loan Servicing, LLC's ("SLS") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon due consideration of the motion, response, and applicable authority, the court finds that the motion is not well taken and should be denied.

### Facts and Procedural Posture

In their First Amended Complaint, Plaintiffs Pamela D. Green and Marcus Green characterize this action as "a lawsuit about mortgage-servicing Hell and unlawful, 'Rambo-style' collection activities on the part of Specialized Loan Servicing, LLC." Doc. 16. More specifically, Plaintiffs allege SLS engaged in an illegal and fraudulent scheme to charge Plaintiffs' mortgage account with unneeded and inflated lender protection insurance ("LPI") premiums in order to generate illegal profits. Plaintiffs allege SLS never issued such an insurance policy despite its ongoing false billing, aggressive collection activities, and numerous threatened foreclosure attempts based on falsely alleged account delinquencies. Further, SLS was fully aware that Plaintiffs maintained their own private adequate homeowner's insurance policy at all relevant times.

In 1998, Plaintiffs took out a mortgage loan on a property located in Baldwyn, Mississippi. The original lending company was later acquired by Bank of America, which sold

Plaintiffs' mortgage in 2013 in a mortgage-backed security product ("MBS bond"). After the sale of the loan, Defendant SLS managed all loan-servicing obligations and liabilities relating to the forced placement of insurance as the mortgage-servicing company for the Bank of New York Mellon, trustee for the bond certificate holders.

Plaintiffs assert their monthly mortgage payment increased inexplicably from $486.35 to $755.71 immediately upon SLS taking over the servicing of their mortgage account in late 2013. The source of the unexpected increase in their monthly mortgage payment is the allegedly fraudulent LPI coverage that SLS force-placed on Plaintiffs' account. Plaintiffs contend they have maintained continuous, adequate, and loan-compliant private homeowner's insurance coverage for the property with State Farm since December 2013. SLS received notice of this private homeowner's insurance coverage at each renewal period under the State Farm policy. Additionally, Plaintiffs and State Farm would follow up each notice of force-placed LPI coverage from SLS by telephoning SLS, explaining the error, and then sending proof of insurance to SLS. Despite this coverage and SLS's continuing awareness of its existence, Plaintiffs allege SLS continued to force-place the coverage and charge delinquencies to Plaintiffs' mortgage account. Plaintiffs allege SLS has instigated multiple foreclosure sales based on these false and fraudulent delinquencies since 2014. The foreclosure sales would be scheduled and published only to be canceled at the last minute upon Plaintiffs' threats of legal action.

Plaintiffs brought this lawsuit against SLS on April 18, 2019, and filed their First Amended Complaint on July 19, 2019. The amended complaint asserts claims for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, fraud, violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, breach of contract, and breach of

the duty of good faith and fair dealing. Defendant SLS subsequently filed the present motion to dismiss pursuant to Rule 12(b)(6).

## Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232-33 (5th Cir. 2009). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Id.* The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal,* 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly,* 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand,* 565 F.3d at 255-57.

## Analysis

Defendant's primary arguments in support of dismissal are (1) that Plaintiffs' claims are barred by judicial estoppel based on Plaintiffs' Chapter 13 bankruptcy, which was discharged on January 3, 2018, (2) that Plaintiffs have failed to plead plausible violations of the TCPA by SLS,

3

(3) that Plaintiffs have failed to plead fraud with the particularity required by Rule 9 of the Federal Rules of Civil Procedure, (4) that Plaintiffs' FDCPA claims are barred by the applicable statute of limitations and fail as a matter of law, (5) that Plaintiffs have failed to state a cognizable claim under the FCRA, and (6) that Plaintiffs' claims for breach of contract and breach of the duty of good faith and fair dealing are barred by the "filed rate doctrine." The court finds no merit to Defendant's arguments.

First, as to the bankruptcy matter, Plaintiffs have brought claims in this matter which they allege continue to accrue to the present day. In response to Defendant's judicial estoppel argument, Plaintiffs "stipulate and explicitly represent to the court that this lawsuit only seeks relief for legal injuries that have accrued, in whole or in part, since January 4, 2018," the day after their Chapter 13 bankruptcy was discharged. Doc. 23, p. 3. Second, contrary to Defendant's assertions, the court finds that Plaintiffs have pleaded plausible violations and alleged all requisite elements of their TCPA claims. Third, Plaintiffs have pleaded plausible fraud claims with extensive detail and particularity and, in the court's view, have fully satisfied the requirements of Rule 9. The Fifth Circuit has stated that "articulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). Plaintiffs' amended complaint is replete with these requisite details, and though it is this process – pleading with particularity – which opens the door to discovery for fraud claims in the first instance, the level of specificity Plaintiffs have accomplished without the benefit of discovery is commendable. Fourth, as to the one-year statute of limitations applicable to Plaintiffs' FDCPA claims, Defendant implicitly acknowledges that allegations of SLS

4

wrongdoing after April 18, 2018 – one year prior to Plaintiffs' filing of their complaint – would be viable as falling within the statutory period, and Plaintiffs assert that in this one year SLS has engaged in all the wrongful actions required to support their claims under the FDCPA. Fifth, the court finds that Plaintiffs have pleaded plausible violations and alleged all requisite elements of their FCRA claims sufficient to survive 12(b)(6) dismissal. Finally, the court finds that Plaintiffs' claims for breach of contract and breach of the duty of good faith and fair dealing are not barred by the "filed rate doctrine." This doctrine, recognized by the Mississippi Supreme Court, provides that any insurance rate approved by the governing regulatory agency of the state is "per se reasonable and unassailable in judicial proceedings brought by ratepayers." *American Bankers' Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1203-04 (Miss. 2001). Defendant's argument misses the mark, however, as Plaintiffs assert their mortgage account was charged with premiums and subsequent delinquencies for an insurance policy that was never issued. The court finds that Plaintiffs have met their burden of pleading plausible claims for breach of contract and breach of the duty of good faith and fair dealing. Accepting Plaintiffs' factual allegations as true, as it must under Rule 12(b)(6) analysis, and being unpersuaded by each of Defendant's arguments in favor of dismissal, the court finds that Defendant's motion to dismiss should be denied in its entirety.

## Conclusion

In accordance with the foregoing analysis, it is **ORDERED AND ADJUDGED** that Defendant's motion to dismiss pursuant to Rule 12(b)(6) is **DENIED**.

This 26th day of May, 2020.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE