IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**PAMELA D. GREEN AND MARCUS GREEN**                        **PLAINTIFFS**

**V.**                                **CAUSE NO: 1:19-CV-76-NBB-DAS**

**SPECIALIZED LOAN SERVICING, LLC**                            **DEFENDANT**

**ORDER GRANTING MOTION TO DISALLOW PLAINTIFFS'
USE OF EXPERTS FOR FAILURE TO MAKE A TIMELY DISCLOSURE**

Before the court is defendant Specialized Loan Servicing, LLC's ("SLS") Motion to Disallow Plaintiffs' Use of Experts for Failure to Make a Timely Disclosure. Docket 46. The plaintiffs Pamela D. Green and Marcus Green have filed a response (Docket 50) and SLS a reply. Docket 51. On April 12, 2021, the court conducted a hearing where counsel provided arguments regarding the instant Motion.

**I.**      **Facts and Procedural History**

SLS seeks to prohibit the plaintiffs from using experts and any evidence requiring expert testimony in the trial of this matter for their failure to properly disclose experts within the time period prescribed by the Case Management Order. Docket 46; *see* Docket 31. Additionally, SLS identifies certain responses to discovery requests propounded to the plaintiffs seeking information regarding the use of experts and expert testimony at trial to argue the plaintiffs' responses are "woefully deficient."

For example, SLS asked the plaintiffs to "identify each person whom Plaintiff expects to call as an expert witness and the subject matter for which each expert is expected to testify." The plaintiffs' discovery response states "the Greens have made no such decisions at this time. The Greens will designate any expert witnesses consistent with the Case Management Order in this case." SLS asked the plaintiffs to "produce any and all reports prepared by an expert whom

Plaintiffs expect to call as a witness in the trial of this case." The plaintiffs responded "the Greens have not made any decision about retaining any expert witnesses at this time. They will supplement at the appropriate point in this litigation. However, all treating medical providers are expected to be non-retained expert fact witnesses at trial." Finally, when asked in discovery to "produce any and all medical records and medical billing related to the healthcare providers and visits identified [in an earlier response]," the plaintiffs stated "all responsive documents to this request are either already in the possession or control of SLS, third parties (such as medical treatment providers, Ron Robinson/State Farm, Kimberly Bowling, esq; or M. Terre Vardaman, esq., or the major credit reporting bureaus), or they have been produced by the Greens."

Citing Federal Rule of Civil Procedure 26(a)(2) and Local Uniform Civil Rule 26(a)(2)(D), SLS argues that the plaintiffs' failure to disclose any specially retained experts or non-retained experts on or before February 5, 2021, the deadline imposed by the Case Management Order,[1] mandates their exclusion. Considering the plaintiffs' "inadequate discovery responses" and failure to disclose any expert witnesses, SLS argues that the plaintiffs cannot establish that their failure to provide the requested information or identify a witness was "substantially justified or [] harmless" to allow any such use at trial. *See* Fed. R. Civ. P. 37(c)(1).

## II. Discussion

Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to disclose "the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Rule 26(a)(2)(B) provides "this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially

---

[1] In addition to the plaintiffs' February 5, 2021 expert designation deadline, the August 13, 2020 Case Management Order set the parties' discovery deadline for March 26, 2021 and motions deadline for April 9, 2021. Docket 31. These deadlines have expired without a request by any party for an extension of same.

employed to provide expert testimony in the case…" Additionally, Local Uniform Civil Rule 26(a)(2) echoes these requirements and further provides

> (A) A party must make full and complete [expert] disclosure as required by Fed.R.Civ.P. 26(a)(2) and L.U.Civ.R. 26(a)(2)(D) no later than the time specified in the case management order by serving the disclosure on all counsel of record and concomitantly filing a Notice of Service of Expert Disclosure with the court. Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial.
>
> […]
>
> (D) A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but who are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under Fed.R.Evid. 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). In determining whether the testimony of a late-designated expert witness should be permitted the court considers four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir.1990)).

According to the Advisory Committee Note to Rule 37, this sanction provides "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion," by the deadline. The purpose of these disclosure requirements is to "eliminate unfair surprise to the opposing party." *Hill v. Koppers Indus.*, 2009

WL 3246630, at *2 (N.D. Miss. Sept. 30, 2009), citing *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007).

Normally the court considers the aforementioned factors in order to determine whether to permit the testimony of a late-designated expert. However, here, the plaintiffs have yet to submit even an untimely expert designation or move for an extension of their expert designation deadline.[2] Nevertheless, the court will consider the factors considered in determining whether the testimony of a late-designated expert witness should be permitted.

The plaintiffs explain that they have been unable to designate their expert witnesses because they do not yet have possession of "potential non-retained expert witnesses' relevant files and records." They state that SLS has issued subpoenas *duces tecum* to "eight third parties with relevant information and records to the claims and defenses in this action" and that the plaintiffs are waiting for the responses to SLS's subpoenas to be shared with them so that the "plaintiffs will [then] have the necessary information that they need to fully designate their treating medical providers, previously disclosed to SLS in this litigation, as non-retained expert witnesses under Rule 26(a)(2)(C)."

Aside from failing to obtain via discovery or third-party subpoenas the information needed to prove the plaintiffs' claims, counsel for plaintiffs contends his failure to move to amend the Case Management Order is "[t]he one sin committed in discovery." He admits to failing to file a motion to extend the expert designation and discovery deadlines claiming that the plaintiffs should not be penalized for his "excusable neglect." In an attempt to cure this "one

---

[2] The plaintiffs' response contains a request for an extension of time, which is discussed below. *See* fn. 3.

sin," counsel states that—if the court allows—the plaintiffs will file their expert designations within fourteen days of receipt of documents responsive to SLS's subpoenas.³

The court finds this explanation wholly insufficient. Foremost, the plaintiffs cannot rest on incomplete discovery responses to satisfy their expert disclosure requirements – even for treating medical providers who will testify as non-retained expert witnesses. For such witnesses, Federal Rule of Civil Procedure 26(a)(2)(C) requires that "the subject matter […] and a summary of the facts and opinions to which the witness is expected to testify" be disclosed. Here, the plaintiffs have not properly designated any non-retained expert witnesses or disclosed the identities of these providers – much less the substance of their testimony – to SLS in discovery.

The court has never encountered a plaintiff that relied on the defendant to obtain the very proof the plaintiff requires to establish its case. Under the present circumstances, the plaintiffs appear not even to know what that proof may establish. They contend the importance of the testimony "is the most important [factor] of the four and strongly favors the Greens," yet how can the plaintiffs know the substance of their experts' testimony if they have yet even to review the records on which such testimony will be based?

If the plaintiffs are permitted to designate experts at this stage in the litigation, SLS will undeniably be prejudiced. At the time of the hearing, the parties' expert designation deadlines, discovery deadline, *and* motions deadline had expired – all without any request for more time. Not only have the plaintiffs failed to designate any experts, but their discovery responses fail to

---

³ This court's Local Uniform Civil Rules provide that "[a] response to a motion may not include a counter-motion in the same document." L.U.Civ.R. 7(b)(3)(C). Any request for relief must be submitted as a motion and docketed separately from a response. *Id*. As this case currently stands, the plaintiffs have not submitted *any* expert designations, nor have they submitted a motion to extend their deadline in order to permit an untimely submission.

provide SLS with *any* substantive information regarding anticipated expert testimony. To allow the plaintiffs time to designate experts at this stage in the litigation would be highly prejudicial to SLS.

Finally, a continuance would result in additional delay and increase the expense of defending this lawsuit. When the first and third factors "militate against permitting the testimony," as they do here, "the court [is] not obligated to continue the trial. Otherwise, failure to satisfy the rules would never result in exclusion, but only in a continuance." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d at 884. The court finds that the plaintiffs' failure to properly designate expert witnesses in compliance with the Federal and Local rules is neither substantially justified nor harmless; and therefore, they are prohibited from using expert witnesses and any evidence requiring expert testimony in the trial of this matter. Further, the particular circumstances of this case and the plaintiffs' lack of diligence in seeking an extension of time immediately upon the discovery of counsel's scheduling error does not lend itself to the good cause and excusable neglect showing required even if a proper motion were before the court.[4]

---

[4] The more stringent standards of Federal Rule of Civil Procedure 6(b)(1)(B) apply when a deadline expires without a motion for additional time. Rule 6(b)(1)(B) provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired: […] if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B). An extension under this Rule requires a showing of *both* good cause and excusable neglect. *Casey*, 2012 WL 3261367 at *2. "[P]art of the good cause showing generally required by this court includes an explanation for why a timely request for additional time *could not* have been made before the expiration of time." *Id*. (citing *Johnson v. Bolivar County,* 2009 WL 4855988, *3–4 (N.D.Miss. Dec. 9, 2009)). The excusable neglect standard rests on an equitable determination that considers all relevant circumstances including "the danger of prejudice […], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877 (5th Cir. 1998) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

### III. Conclusion

For the reasons stated herein, SLS's Motion to Disallow Plaintiffs' Use of Experts for Failure to Make a Timely Disclosure is **GRANTED**.

**SO ORDERED**, this the 27th day of April, 2021.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**